UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-CR-401-MTS |
| RICHARD D. ZELLNER, | ) ) ) |
| Defendant. | ) |

**SENTENCING MEMORANDUM OF THE UNITED STATES**

The United States of America, by and through Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jonathan A. Clow, Assistant United States Attorneys for said District, submits its Sentencing Memorandum and respectfully recommends that this Court impose a term of incarceration of 27 months, which represents a downward variance from the applicable United States Sentencing Guidelines ("Guidelines") range.[1] Such a sentence is warranted under the relevant sentencing factors.

**I.   A sentence of 27 months is appropriate based on the relevant sentencing factors.**

In imposing a sentence, this Court must consider the relevant factors enumerated in 18 U.S.C. § 3553(a) and "make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007). Section 3553(a) instructs that this Court must:

> impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing, including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to

---

[1] The United States agrees with the Guidelines calculation for Defendant set forth in the Presentence Investigation Report (Doc. 17) ("PSR"). Specifically, the Defendant has a total offense level of 20 and a criminal history category of I, resulting in a Guidelines range of 33 to 41 months. *See* PSR, paras. 29–44, 70.

1

> criminal conduct, and to protect the public from further crimes of the defendant.

*Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (cleaned up).  Under the statute, this Court should also consider "'the nature and circumstance of the offense,' 'the history and characteristics of the defendant,' 'the sentencing range established by the Guidelines,' 'any pertinent policy statement' issued by the Sentencing Commission pursuant to its statutory authority, and 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" *Id.* (quoting 18 U.S.C. § 3553(a)).  Here, the relevant sentencing factors demonstrate that a sentence of 27 months is appropriate.

The nature and circumstances of Defendant's offense are unquestionably serious and warrant a custodial sentence.  For years, Defendant abused his position as CFO to embezzle over $2 million from his employer.  In his position, Defendant was trusted to use the company's credit cards and bank accounts for company expenses and to manage the company's accounting records.  Instead, Defendant took advantage of that trust and used company funds to pay off his personal credit cards and to make personal purchases.  Far from a one-time mistake, Defendant regularly and repeatedly over a multi-year period used his employer's bank accounts and credit cards for himself and conducted over one thousand unauthorized transactions during that time.  Defendant used these stolen funds to pay for, among other personal expenses, personal travel and precious metals.  In short, the duration and scope of his fraud scheme and the financial harm to the victim by themselves demonstrate the seriousness of the offense and need for a custodial sentence.

But more than just financial harm, Defendant's long running abuse of his position was critical to his offense, and this type of offense has real collateral and intangible consequences for its victims.  Indeed, Defendant used his control over the company's accounting records to cover up his crime, falsifying the company's books to make it appear that Defendant's personal

purchases instead were business expenditures, and to ensure his scheme continued undetected for as long as possible. That Defendant abused this trust—and in the process, stole money to pay for personal vacations and gold—speaks to the selfishness of and greed behind his actions, and any sentence must account for this fact.

As the law requires, the nature and circumstances of Defendant's crime must be balanced against the history and characteristics of Defendant. On balance, the United States believes a small downward variance from the bottom of the Guidelines is appropriate in this case. In addition to factors disclosed in the Presentence Investigation Report, *see* PSR para. 88, Defendant has further demonstrated accountability for his actions by agreeing to waive indictment and by voluntarily turning over and repatriating assets to repay the victim, saving the United States considerable resources in the investigation and prosecution of this case in the process. For these reasons, the United States respectfully recommends that the Court impose a sentence of 27 months' imprisonment and order that restitution in the amount of $2,062,051.29 be paid to the victim.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Jonathan A. Clow*
JONATHAN A. CLOW, #68003MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2024, I caused to be electronically filed the SENTENCING MEMORANDUM OF THE UNITED STATES with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney of record.

*s/ Jonathan A. Clow*
JONATHAN A. CLOW
Assistant United States Attorney