UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|                        ) | |
|     Plaintiff,          ) | |
|                        ) | |
| vs.                     ) | Case No: 4:24-CR-00401-MRS |
|                        ) | |
| RICHARD ZELLNER,        ) | |
|                        ) | |
|     Defendant.          ) | |

**SENTENCING MEMORANDUM**

COMES NOW Defendant Richard Zellner, through undersigned counsel, and hereby files the following memorandum for sentencing:

**I.   Background**

On August 8, 2024, Defendant Zellner waived Indictment and pled guilty to a one count information charging him with Wire Fraud in violation of 18 U.S.C.§ 1343. *See* Presentence Report ("PSR") at ¶ 1. The PSR calculated a Total Offense Level is 20. PSR at ¶ 39. Zellner has no prior convictions and is in Criminal History Category I. PSR at ¶ 44. The PSR calculates the guidelines sentence as 33 to 41 months in the Bureau of Prisons. PSR at ¶ 70. The parties agreed that either may request a sentence above or below the guidelines. PSR at ¶ 3.

Defendant Zellner has readily accepted responsibility for his criminal conduct, proffered with unreserved honesty to the Government, and assisted the Government in recovering funds that were outside the United States and that otherwise would have been unrecovered. He presents a low risk of recidivism and has no criminal history.

Based on USSC data, similarly situated defendants often receive below-guidelines sentences, and are often sentenced to probation. For all these reasons, Zellner respectfully requests that this Honorable Court sentence him to a term of probation

## II. Sentencing Rules

Title 18 U.S.C. § 3553(a) requires this Court to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing. There are four purposes of sentencing[1] and six factors to consider in connection with them.[2] The guidelines are only one factor to consider and deserve no greater weight than any other factor. *See Kimbrough v. United States*, 552 U.S. 85, 90 (2007). Thus, this Court may not presume a sentence within the guideline range as reasonable. *See Rita v. United States*, 551 U.S. 338, 351 (2007). Nor may it presume a sentence outside the guideline range unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Furthermore, this Court may not require "extraordinary circumstances" to justify a sentence below the guidelines nor "use a rigid mathematical formula to determin[e] the strength of the justification required for a specific sentence." *Id.* at 47. These rules apply regardless of whether the guideline derives from

---

[1] The purposes of sentencing are:
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
18 U.S.C. §3553(a)(2)(A)-(D).

[2] The factors to consider in connection with the purposes of sentencing are:
    (A) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (B) the kinds of sentences available;
    (C) the guidelines promulgated by the Sentencing Commission;
    (D) any pertinent policy statement issued by the Sentencing Commission;
    (E) the need to avoid unwarranted sentencing disparities among similarly situated defendants; and
    (F) the need to provide restitution to any victims of the offense.
18 U.S.C. §3553(a)(1)-(7).

the Unites States Sentencing Commission ('the Commission") or a policy determination of Congress. *See Kimbrough*, 552 U.S. at 109-10.

### III.     Zellner presents a low risk of recidivism

The United States Sentencing Commission has assembled data regarding indicators of future recidivism risks. *See e.g.,* U.S. Sentencing Comm'n, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines* 16 (May 2004), *available at* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2004/200405_Recidivism_Criminal_History.pdf (hereinafter "Measuring Recidivism"). That data supports the conclusion that Zellner poses a reduced risk of recidivism compared with other offenders.

Zellner is 66 years old. PSR Pg. 1. Individuals over the age of 50 recidivate at the lowest rate of any age group, 9.5%. *Measuring Recidivism*, pg. 28. Zellner is also in Criminal History Category I. PSR at ¶ 89. Individuals over the age of 50 in Criminal History Category I recidivate at an even lower rate, 6.2%. *Measuring Recidivism*, pg. 28. Zellner is married, PSR at ¶ 49, and married offenders present a lower risk of recidivism than those who have not been married or are divorced. *Measuring Recidivism*, Pg. 12. Zellner is also currently employed by a firm that is aware of these charges. PSR at ¶ 63. Offenders who are employed also pose a decreased risk of recidivism. *Measuring Recidivism*, Pg. 12. In total, Zellner possess all the attributes of one with the least probability of committing a future offense.

### IV.     Zellner's post-conduct behavior

Zellner's behavior while under investigation is worth noting. During the course of the investigation, Zellner participated in a proffer interview with the government. In the interview, Zellner described his conduct with complete honesty. Further, Zellner assisted the Government in

recouping as many assets as possible including multiple bank accounts and physical precious metals. At the Government's request, Zellner repatriated approximately $148,000 in funds held in offshore accounts. Had Zellner not done so, the Government would have needed to expend additional resources to seize the funds, if seizure was even possible. In total, Zellner provided approximately $300,000 in precious metals and currency to the Government to apply toward his restitution.

**V.  Below guidelines and probation sentences are common for similarly situated offenders**

Zellner's guideline sentence is predominantly based on USSG § 2B1.1. PSR at ¶ 30. He has a total offense level of 20 and a criminal history category of I. PSR at ¶ 70. According to the Judicial Sentencing Information system (JSIN), 54% of offenders sentenced pursuant to USSG § 2B1.1 with a total offense level of 20 and a criminal history category of I receive a downward variance or departure. According the USSC Interactive Data Analyzer, since 2020, approximately 30% of offenders sentenced pursuant to USSG § 2B1.1 with a criminal history category of I received a downward variance. Within the 8th Circuit, during that period, the percentage of those offenders receiving a downward variance has been between a low of 28.3% and high of 39.6%. Within Missouri, during that period, the percentage of those offenders receiving a downward variance has been between a low of 33.8% and high of 50%. For men over the age of 50, the percentage of those offenders in this State receiving a downward variance was greater than 50% in 2020, 2021, and 2023, and was greater than 60% in 2020 and 2023. In other words, downward variances are very common, and during some periods are more common than not.

Similarly, probation sentences for similarly situated offenders are common. Between 2020 and 2023, in the 8th Circuit, approximately 35% of men over the age of 50 sentenced pursuant to

§ 2B1.1 in criminal history category were sentenced to probation. For Missouri, the percentage of those offenders during that period who received a sentence of probation was 46.9%. In the Western District of Missouri, half of those offenders were sentenced to probation. Last year, 75% of those offenders in this district received probation alone. This demonstrates that both within this state and district and beyond, sentences often reflect the fact that older individuals without substantial criminal histories are less likely to reoffend, such that probation is appropriate.

## VI.     Personal Information

As noted above, and as noted in the PSR, Zellner is currently employed, and his employer is aware of the pending charges and their nature. Zellner's employer has indicated that if Zellner were to be placed on probation, that employment would continue. This employment not only supports his family but would also fund restitution payments to the victim. Should Zellner be sentenced to a period of incarceration and lose his employment, it would likely be quite difficult to gain similar employment with his conviction as he closes in on 70 years of age.

Additionally, Zellner has multiple serious issues with his eyes. He recently had a cataract removed from his left eye and is scheduled for another surgery before the end of the year. He is also at risk for a detached retina in his right eye which is being complicated by another cataract. While his right eye is currently being monitored, surgery is likely there as well. If these matters are not properly handled, it could result in significant consequences for his sight including potential blindness.

In addition, and as also noted above and in the PSR, Zellner currently lives with his wife, one of his stepsons, and his grandson. Unfortunately, Zellner's income is crucial to the family being able to afford their home. In the event that Zellner is incarcerated, and the family is deprived of his contribution, the family would likely be unable to pay for the house and would be forced to

5

liquidate assets and/or move. The many letters from submitted on his behalf from family members provide a compelling look at his contributions to their lives and his significance to them.

**VII.    Conclusion**

For the foregoing reasons, Defendant Richard Zellner respectfully requests that this Honorable Court sentence him to a term of probation along with any other conditions this Court deems appropriate.

Respectfully submitted,

ROSENBLUM, SCHWARTZ, FRY & JOHNSON PC

By:        /s/ *Marc Johnson*  
MARC JOHNSON, 58065MO  
Attorney for Defendant  
120 S. Central Avenue, Suite 130  
Clayton, Missouri 63105  
(314) 862-4332/Facsimile (314)862-8050

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2024, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system.

6